## Cook v. Derewicz, Appellant.

Argued April 27, 1931.

.Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Drew, JJ.

*John A. Metz,* and with him *L. J. Korpanty,* for appellant.

*R. A. McCrady,* and with him *M. H. Hirschfield,* for appellee.

Opinion by Trexler, P. J., July 8, 1931:

This was an action brought in the county court of Allegheny County. The suit was on a check for $1,000, payable to the order of the Brandt Heating Engineers & Supply Company, and endorsed by it, by R. E. Brandt, and by Charles Cook, the plaintiff. R. E. Brandt was trading under the fictitious name of Brandt Heating Engineers & Supply Company. The plaintiff testified that he had purchased the check from Brandt, that Brandt owed him $500 which was liquidated by the passage of the check and that he gave Brandt $500 cash, thus making the full consideration for it. He stated that he had no notice of any infirmity.

There was nothing to contradict the testimony of the plaintiff that he had taken the check in good faith, except inferences that the defendant claims should have been drawn from certain facts. One was that the check being payable to the Brandt Heating Engineers & Supply Company's order that the endorsee, the plaintiff, should have been charged with the notice that Brandt had no authority to transfer the check in payment of his personal indebtedness, citing Fehr v. Campbell, 288 Pa. 549. That case does not apply to the present. In it, the instrument was payable to a corporation and was passed by the president for his personal debt. That, of course, put the transferee upon notice, but in this case, the authority of Brandt to endorse could not be questioned, for he was the Brandt Heating Engineers & Supply Company and had absolute control of it, and that was his trade name.

The $1,000 was paid under contract for installing a heating system. If there was any fraud in this transaction, it can only be brought into the case by proof that Cook was not a holder in due course. The appellant claims that payment had been stopped upon the check before Cook had obtained it and that this was notice of an infirmity in the check to him. We need not consider this argument for the reason that the verdict of the jury indicates that they believed Cook when he stated that he had no knowledge of the stopping of payment.

The court properly refused the point that "if the jury believes that the plaintiff was informed that the check was stopped prior to the delivery of the same to said plaintiff by R. E. Brandt or the Brandt Heating Engineers & Supply Company, that the verdict of the jury must be for the defendant." The mere stopping of payment of the check would not as a matter of law be conclusive of the bad faith of the plaintiff

and could not be the basis for binding instructions.

The contention that the charge of the court was argumentative and contrary to the law is unfounded. A review of the facts in the case by the court necessarily would incline the jury to find for the plaintiff, for the defendant had a weak case.

The appellant claims that the trial judge erroneously put the question to the jury, "Was there any inducement for this defendant to give this check to this man, or from anything that happened afterwards that would amount to fraud or misrepresentation, having obtained or issued this paper under false pretense?" The court evidently referred to the knowledge of Cook as to fraud in the issuing of the paper. Later on, the trial judge distinctly said that if the plaintiff received it (the check) with notice of any infirmity, the verdict should be for the defendant and affirmed a point submitted by the defendant that if the jury found that the entire transaction was not thoroughly honest and fair, then the jury should find a verdict for the defendant. That was as favorable to the defendant as it possibly could be.

The judge also affirmed the point that if the plaintiff accepted the check in bad faith or for speculation, the verdict of the jury must be for the defendant and further that if the plaintiff knew that the credit of R. E. Brandt or his company was bad, then the plaintiff did not act in good faith and was not a holder in due course. If there is any criticism of the charge, it would seem that it was more favorable to the defendant than it should have been.

We have already given the case more notice than it deserves. The common pleas court was right in refusing the appeal. There is no merit in any of the assignments. The order is affirmed.